■ In the Matter of SAMUEL ANBINDER et al., Respondents-Appellants, v. CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, et al., Appellants-Respondents.— Order entered on February 19, 1960 directing trial of the issue of whether petitioners were in fact promoted, unanimously reversed and the petition dismissed, with $20 costs and disbursements to respondents-appellants-respondents. The facts alleged in the petition even if established would not constitute a promotion of the petitioners. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.

■ GEORGE GOETZ, Appellant, v. GEORGE EBERHARD, INC., Respondent.— Order, entered on November 30, 1960, denying plaintiff-appellant's motion for reconsideration of a denial of a preference pursuant to subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion for a preference granted, with $10 costs. Considering the nature and extent of the injuries claimed to have resulted from the accident, it appears that there has been such a permanent and protracted disability as to warrant a possible evaluation in an amount beyond the monetary jurisdiction of the City Court. In addition, plaintiff claims to have sustained special damages of approximately $2,000. Under the circumstances, a preference under rule V should have been granted. Concur — Breitel, J. P., Valente, McNally and Bastow, JJ.

■ LUCILLE ROBBINS, Respondent, v. THREE FIFTY TWO REALTY CORPORATION, Appellant, et al., Defendant.— Order, entered on January 11, 1961, denying motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law and on the facts, and as a matter of discretion, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs. The excuse offered for the delay of 20 months in placing the case on the calendar after issue was joined was not credibly explained. It was, in fact, belied by the immediate action taken in so placing it upon receipt of the motion papers on this motion. The situation relied on for an excuse, namely, that the plaintiff was out of the State, did not change. The facts indicate a practical abandonment of the action. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.

■ VERA HOLTJE, Respondent, v. WOLDON HOLDING Co., INC., Appellant.— Judgment unanimously affirmed, with costs to respondent. No opinion. Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.

■ ANNA BALDASSANO, as Administratrix of the Estate of ANTONIO ZINNA, Deceased, Respondent, v. CITY OF NEW YORK, Respondent-Appellant, and BOWERY & SPRING REALTY CORP., Appellant, et al., Defendant.— Judgment unanimously affirmed, with costs to plaintiff-respondent against defendant-appellant and defendant-respondent-appellant, and with costs to defendant-respondent-appellant against defendant-appellant. No opinion. Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.

■ ALLEN ROBERTS, Respondent, v. MICHAEL P. GRACE, Appellant.— Determination of the Appellate Term unanimously affirmed, with costs to respondent. No opinion. Concur — Botein, P. J., Valente, McNally, Eager and Bastow, JJ.